NO. 07-05-0036-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 30, 2005



______________________________




JULIO HERNANDEZ, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-04H-113; HONORABLE ROLAND SAUL, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Pursuant to a plea agreement, appellant Julio Hernandez, Jr. was convicted of
possession of marihuana and sentenced to two years confinement and a $1,500 fine. The
confinement was suspended in favor of four years of community supervision. After a
hearing on the State's motion to revoke, the trial court revoked appellant's community
supervision and assessed the original punishment. In presenting this appeal, counsel has
filed an Anders (1) brief in support of a motion to withdraw. We grant counsel's motion and
affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he
concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the court's judgment. Counsel has also shown that he sent a copy of
the brief to appellant and informed appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that he notified appellant of his right to review
the record and file a pro se response if he desired to do so. Appellant did not file a
response. Neither did the State favor us with a brief.

 The State filed a motion to revoke appellant's community supervision alleging that
on November 10, 2004, appellant hit his ex-girlfriend with his fist causing her bodily injury
and violating the terms of a protective order. The State further alleged that a few days later
on November 14, 2004, appellant struck his ex-girlfriend with a tire iron also causing bodily
injury. At the revocation hearing, appellant pled not true to the violations, and after hearing
the evidence, the court concluded he had violated the terms of community supervision. 
The court immediately revoked the order of community supervision and imposed the
original sentence of two years confinement. 

 By his Anders brief, counsel does not advance any arguable grounds for appeal. 
Appellate review of a revocation order is limited to determining whether the trial court
abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson
v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State
must prove by a preponderance of the evidence that appellant violated a condition of
community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). One
sufficient ground for revocation will support the trial court's order. Moore v. State, 605
S.W.2d 924, 926 (Tex.Cr.App. 1980).

 Here, appellant's ex-girlfriend testified to appellant's violent behavior, and several
photographs were admitted as evidence of her injuries. The trial judge was the exclusive
judge of the credibility of the witness and the weight to be given to her testimony. Mattias
v. State, 731 S.W.2d 936, 940 (Tex.Cr.App. 1987). Based on the evidence presented, we
do not find the court's conclusion that appellant committed the alleged violations to be an
abuse of discretion.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support this appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).